PEARCE *et al.*, executors, *v.* LOTT, guardian.

Where a testator devised and bequeathed to two minor granddaughters, children of a deceased daughter, one undivided share in the residuum of his estate, and the will in terms declared that the income of the residuum should be paid over, share and share alike, to certain residuary devisees and legatees, including these granddaughters, who should take their share in the place of their deceased mother, they were, even during their minority, entitled annually to their share of such income, although it was in the will elsewhere declared that in the event of the death of either or both of them before majority or before a distribution of the estate, for which the will provided, "the distributive share" of such granddaughter or granddaughters should revert to the testator's estate.

Argued June 15, — Decided July 20, 1897.

Equitable petition. Before Judge Butt. Muscogee superior court. May term, 1896.

*J. H. Worrill* and *C. J. Thornton,* for plaintiffs in error.
*McNeill & Levy,* contra.

FISH, J.   J. N. Embry died testate, Sept. 7, 1893. The provisions of his will, so far as they relate to the question at issue, are as follows:

"Item fifth. I will and direct that all the rest and residue of my estate, of whatsoever character and wheresoever located, shall be held and managed by my executors hereinafter named, as in their judgment shall conduce to the best interest of my estate, the income, rents and profits thereof to be collected by my said executors and paid over equally, share and share alike, to my daughters, Salome Lynch, Belle E. Stivender, Ida E. Pearce, Theodosia A. Pearce, and my wife Lucy Embry, and the two children of my deceased daughter Effie Lott, to wit Louise and Alcine, said children to stand in the place of and represent their mother.

"Item sixth. Whenever in their judgment it shall be to the best interest of my heirs and devisees in item last above named, my said executors shall distribute in kind, or by sale and distribution of proceeds, either or both, all of my estate contemplated in item last above named, to the persons in said item named, share and share alike, and in such distribution the two children of my deceased daughter Effie shall stand in the place of their deceased mother, taking per stirpe and not

per capita; in the event that either or both of said children of my deceased daughter Effie should die before arriving at the age of legal majority, or before the distribution provided for in this item of my will, then it is my desire that the distributive share of such child or children shall revert to and become a part of my estate.

"Item seventh.    Upon the death of my wife Lucy, the house and lot, No. 1537 Second Avenue, shall revert to and become a part of the residue of my estate, and shall be held and managed by my executors as provided for in item fifth of this my will; the income, rents and profits thereof to be paid over to my daughters, and the children of my deceased daughter Effie, as provided in said item fifth; and when my executors shall think best, said property shall be sold and the proceeds divided equally share and share alike among my said daughters and the children of my said daughter Effie, as provided for in item sixth of this my will. · . .   And should either or both of the children of my said daughter Effie die before attaining their legal majority or before the distribution of my estate, then I direct that the share of such child or children shall revert to and become a part of the residue of my estate, and be held for the benefit of and be distributed to my other said heirs and devisees, as provided for in items fifth and sixth of this will."

Ida E. and Theodosia A. Pearce were named as executrixes of the will, and accepted and qualified as such.   W. L. Lott, father of Louise and Alcine, having been appointed as their guardian by the ordinary of Muscogee county, and having qualified, brought his petition, as such guardian and next friend of his wards, against the executrixes, to account for and pay over to him as guardian the distributive shares of his wards in the income of the estate.   The defendants demurred to the petition, on the ground that, under the terms of the will, plaintiff's wards Louise and Alcine "do not take the legacies named in said testator's will until they reach their majority, and in the event that both or either of them die before reaching their majority, their legacies named in said will revert back to the estate of testator," to be " distributed to the other lega-

tees named in said will, and the legacies of said Louise and Alcine are contingent upon their reaching their majority." The demurrer was overruled, and the defendants excepted.

The sole question for adjudication in this case, therefore, is, whether, under the will of J. N. Embry, Louise and Alcine Lott are entitled during minority to their share of the income, rents and profits of the residuum of his estate. We are clearly of opinion that they are. The language of the will relieves the question of all doubt. In the fifth item of the will the executrixes are directed to hold and manage the residuum of the estate as in their judgment shall seem best, " the income, rents and profits thereof to be collected by my said executors and paid over equally, share and share alike, to my daughters, . . and the two children of my deceased daughter Effie Lott, to wit Louise and Alcine, said children to stand in the place of and represent their mother. " The executrixes are directed to collect the income, rents and profits of the residuum of the estate, and to pay to Louise and Alcine their share thereof—they to stand in the place of and represent their deceased mother. There is no condition—no contingency—mentioned as to such payment; and it is obvious that the testator intended that they should receive their share of the income annually, or whenever the income was collected and distributed by the executrixes, as provided in the fifth item of the will.

There is nothing in the fifth and sixth items of the will which makes the payment to either of these legatees of her interest in the income contingent upon her arrival at the age of twenty-one years. In these items it is provided that in the event that either or both of them should die before attaining the age of legal majority, or before the distribution of the corpus of the residuum, as therein directed, then the distributive share " of such child or children" shall revert to and become a part of the testator's estate. Evidently this means that the interest of each of these particular legatees in the corpus of the estate, that is one half of one entire share, shall revert upon the happening of the contingency named. The provisions in the seventh item of the will show that it was not intended in the

sixth item to place any limitation or qualification upon the payment to Louise and Alcine of their share of the income, as directed in the fifth item. The seventh item says, that upon the death of the testator's wife the house and lot given to her for life shall revert to and become a part of the residuum of his estate, and shall be held and managed by his executrixes as provided for in the fifth item of the will; and directs the income, rents and profits thereof to be paid over to his daughters and the children of his deceased daughter Effie, as provided in said fifth item; and further directs that, when the executrixes shall think best, said property (the house and lot) shall be sold and the proceeds divided equally, share and share alike, among testator's daughters and the children of Effie, as provided for in the sixth item, and should either or both of Effie's children die before attaining majority, or before the distribution of the estate, then the share of such child or children shall revert to and become a part of the residuum of the testator's estate, and be held for the benefit of, and be distributed to, the other devisees, as provided for in items five and six of the will. Here, in the seventh item, the same provision is made for the payment to Louise and Alcine of their share of the income, rents and profits of the house and lot after it reverts to the estate and becomes a part of the residuum thereof, as is made in the fifth item for the payment to them of their share of the income, rents and profits from the residuum of the estate before the house and lot should become a part of such residuum; and the same provision for the sale of the house and lot and equal division of the proceeds among his daughters and Effie's children, the latter to take per stirpe, as was made in the sixth item in reference to the sale of the residuum of the estate and division of the proceeds when the house and lot were not a part of the residuum. If the testator had intended by the sixth item to limit or qualify the provisions of the fifth item, it seems that he would not have included in the seventh item substantially the same provisions that are contained in the fifth and sixth items.

Speaking for myself, I think that plaintiff's wards would be entitled to their share of the income, rents and profits of

the residuum of the estate during minority, even if the will had no provision as to its payment. For the fundamental rule of construction is, that all estates given by will should be held as vesting immediately, unless the testator has by unequivocal words manifested an intention that they should be contingent upon a future event. There is no manifest intention in this will to postpone the vesting of the interest of either of the plaintiff's wards in the residuum of the testator's estate until she attains her majority, or until both of them have reached their majorities; but there is a gift to them of one undivided share of the residuum, the interest of each therein, that is one half of a share, defeasible upon the contingency of her death before majority, or before a distribution of the estate as provided for in the will. In the fifth item the testator says: "In the event that either or both of said children of my deceased daughter Effie should die before arriving at the age of legal majority, or before the distribution provided for in this item of my will, then it is my desire that the distributive share of such child or children shall *revert to and become a part of my estate.*" In order for a distributive share of a testator's estate, which has been bequeathed by him to a legatee, *to revert to and become a part of his estate*, it must first *go out of his estate* and vest in the legatee. If, upon the happening of a certain contingency, it shall revert to and become a part of his estate, then until the contingency happens it can not be a part of the estate. In the construction of wills words, in general, are to be understood in their plain and usual sense, in the absence of a manifest intention to the contrary. When the testator uses technical words he is presumed to employ them in a technical sense, unless a clear intention to use them in another sense is apparent from the context. The usual and ordinary meaning of "revert" is to return, to come back; from the Latin *revertere*, to turn backward. Its legal or technical signification is, for property to go back, or return, to a person who formerly owned it but who parted with the possession or title to it, by creating an estate in another which has terminated by his act or by operation of law. Anderson's Dictionary. So under both the usual and technical meanings of the term it is clear that the

testator intended to create a particular estate as to one undivided share of the residuum of his estate in these two grandchildren; that this interest should go from his estate and vest in them—one half of which was subject to be divested and returned to his estate upon the contingency of the death of either of them before she attained her majority, and the whole of which was subject to be divested and returned to his estate upon the contingency of the death of both of them before majority. This construction gives to the grandchildren the immediate right to their share of the income, rents and profits of the residuum of the estate; or rather, the right to have their share of them when collected and distributed by the executrixes to the residuary legatees as the will provides. We think, therefore, that the court below did not err in overruling the demurrer to the plaintiff's petition.

*Judgment affirmed. All the Justices concurring.*